A. P. VERCHER v. THE STATE.

No. 7201. Decided May 23, 1923.

Selling Intoxicating Liquor—Argument of Counsel.

Where, upon trial of selling intoxicating liquor, the argument of State's
counsel that the chief witness for the State was a widow's son who did not
have any means and who did not draw anything for this kind attendance
upon the court, etc., and that the defendant had been selling liquor to the
boys of the community, was all outside of the evidence before the jury,
and not admissible as evidence if it had been offered, the same is reversible
error. Following Sephens v. State, 20 Texas Crim. App., 255, and other
cases. And this although the court instructed the jury to disregard the
remarks of counsel.

Appeal from the District Court of Nacogdoches. Tried below be-
fore the Honorable L. D. Guinn.

Appeal from a conviction of selling intoxicating liquor; penalty,
two years imprisonment in the penitentiary.

The opinion states the case.

*V. E. Middlebrook,* for appellant. Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful sale
of intoxicating liquor; punishment fixed at confinement in the pen-
itentiary for a period of two years.

The State relied upon the testimony of Virgil Martin, a youth about
fifteen or sixteen years of age, who gave specific testimony to the fact
that he had purchased whisky from the appellant. The appellant tes-
tified and denied the transaction; and by his own testimony and by
that of witnesses introduced in his behalf, he presented the theory of
alibi. In the cross-examination of the witness Martin, appellant

94 T. C.—26

elicited from him the fact that part of his expenses were paid by the State witness Buckner. On re-direct examination the State witness Martin was permitted to testify, over appellant's objection, that his mother was a widow and that he was not present on the previous day and that the reason for his absence was that he had no money with which to pay his expenses and that his mother was unwilling to furnish it.

Buckner testified on behalf of the State that he had made affidavit for a search-warrant against the appellant; that he was a member of the grand jury that found the indictment; that the prosecuting witness was only about fourteen years of age. It appeared that before the affidavit for the search-warrant was made out, Martin had testified before the grand jury. The search of appellant's premises did not result in the discovery of any intoxicating liquor in his possession.

In discussing the case, the prosecuting attorney said:

"* * * that he wanted to state to the jury who was responsible for Mr. Buckner paying the young man's expenses last night; that the young man came to him, not only him but Luther Hardy and said that they did not have the means to stay all night, and Mr. Buckner being a member of the Grand Jury from that portion of the country, I went to him about it and I want this jury to know that he did not pay all of the expenses. The boys did not draw anything for this kind of attendance and this boy's mother is a widow woman."

If the proof that Martin was a widow's son was the only error in the record, it would not be regarded of sufficient importance to reverse the case, and standing alone, the argument quoted above might not justify a reversal. It was improper in that it embraced unproven statements.

In his argument, the county attorney made this additional argument:

"Listen Gentlemen, he (referring to defendant's counsel) is going to holler; listen, he is going to holler. If witness after witness had been brought before you, who testified that a man had been selling liquor to the boys of the community, wouldn't you get out a search-warrant and sign an affidavit to get out one?"

The effect of this statement was to tell the jury that witnesses had been brought before the county attorney and testified that appellant had been selling liquor to the boys of the community and that upon such testimony he caused a search of appellant's premises. Embraced in this statement were new facts not coming from witnesses on the trial, nor from any sworn testimony, and not admissible in evidence. The information thus brought to the jury that people in the community were complaining to the county attorney about the appellant's violations of the law in particulars coinciding with the theory of the State in the case on trial could not have been otherwise than prejudicial.

These remarks were against the rule which confines the argument to the facts adduced on the trial, and forbids the use against the accused of any inadmissible matter which is harmful, or material facts unproven and resting alone upon the unsworn statement of the prosecuting officer. See Stephens v. State, 20 Texas Crim. App. 255; Hunnicut v. State, 18 Texas Crim. 524; Branch's Ann. Tex. P. C., Sec. 364; Vernon's Tex. Crim. Stat., Vol. 2, art. 724; p. 404, note 11.

The appellant is a farmer, fifty-one years of age. He had resided in the community for eleven years. His family consisted of a wife and four children. The eldest was thirteen years of age and the youngest about fifteen months' old. He was on trial for his liberty. The State relied upon the testimony of the boy Virgil Martin. His testimony was in conflict with that of the appellant. It was within the province of the jury, within the limits fixed by statute, to assess the penalty. In so doing, they should have been guided not only by relevant facts but by testimony that came from witnesses who were under oath and subject to cross-examination. The penalty given was double the minimum. The effect of the improper remarks cannot be determined. The trial judge endeavored, by instructing the jury, to disregard the remarks, to avoid the consequence of their deliverance. We believe that because of them, he should have set aside the verdict.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*